JOHN YOUNG, PLAINTIFF-APPELLANT, v. CHARLES SCHMIDT, DEFENDANT-RESPONDENT.

Submitted October 7, 1941—Decided January 20, 1942.

Before Justices PARKER, DONGES and COLIE.

For the plaintiff-appellant, *John J. Corcoran, Jr.*

For the defendant-respondent, *Edward J. Madden.*

The opinion of the court was delivered by

Donges, J. This is an appeal from a judgment of the First District Court of Jersey City in favor of the defendant in a suit to recover for damages to a door in the garage of the plaintiff caused by a collision between the door and a truck owned by the defendant and driven by his servant.

The essential facts are not in dispute. It appears from the state of case as settled by the trial court that shortly after six o'clock of the morning of April 27th, 1937, the defendant's driver came into the office of plaintiff's garage and stayed a few minutes. He left the office without saying what he intended to do and a short time later plaintiff heard a crash. Coming out of the office into the garage he saw that the top of the body of defendant's truck had come into contact with the garage door which had not been raised sufficiently to permit a truck of that height to pass through. Plaintiff testified that the driver admitted having raised the door himself and further said that he had forgotten that the truck had a new and higher body on it, which was placed on the truck about two days before.

Defendant's driver testified that he did not remember if he opened the door on the morning in question. He testified that two trucks passed under the door and left the garage just before he attempted to leave. He further testified that it was only the second day the truck had the new body and that "he forgot about it being higher as he was driving out, and collided with the door." The only point about which the evidence is not in complete accord is as to whether or not the defendant's driver opened the door and we think this is not of importance.

The simple fact is that defendant's driver forgot that he had a higher body on his truck and attempted to drive the truck through a door which had not been opened far enough. This court, of course, does not weigh the evidence, but in the situation presented is there any evidence at all to support a judgment for the defendant? We think not. We are unable to conclude by any method of reasoning that the damage to the door could have been caused by anything other than the fault of the driver of the truck. Whether he opened

the door or not, he saw its condition, or should have seen it had he made proper observation, and he should not have attempted to drive a truck that was too large through it. His frank explanation that he forgot about the new body is undoubtedly the true one but it does not exculpate him from blame or from a charge of negligence.

In this situation, we conclude that the question before us is one of law and not one of fact. In the conceded factual situation, the only inference that reasonable men could draw is that the damage was caused solely by the negligence of the servant of the defendant. It is not unusual for an appellate court to hold that there is no evidence to support a finding for a plaintiff in a negligence case. It is unusual to hold that the facts so completely and unanimously point to negligence that there is no question of fact. Such a holding is not unknown, however. In the case of *Hendler* v. *Meadows,* 13 *N. J. Mis. R.* 684; *affirmed,* 116 *N. J. L.* 137 and 176, it was held that the facts so conclusively indicated negligent driving of an automobile that there was no question of fact to submit to the jury and the direction of verdicts for the plaintiffs was proper. See, also, *Vendola* v. *Public Service Railway Co.,* 5 *N. J. Mis. R.* 285.

The judgment is reversed, and a *venire de novo* awarded.